| | |
|---|---|
| KEE ACTION SPORTS LLC, et al., | Civ. No. 12-6069 (NLH/KMW) |
| Plaintiffs, | **OPINION** |
| v. | |
| VALKEN INC., | |
| Defendant. | |

**APPEARANCES:**

Christopher Mark Mikson, Esquire
Akin Gump Strauss Hauer & Feld LLP
2001 Market Street - Suite 4100
Philadelphia, Pennsylvania 19103
    *Attorney for Plaintiffs Kee Action Sports LLC and*
    *Kee Action Sports II LLC*

Anthony J. DiMarino, III, Esquire
Emmett Stephan Collazo, Esquire
A.J. DiMarino, III, PC
57 Euclid Street - Suite A
Woodbury, New Jersey 08096

Jane A. Lorber, Esquire
Valken, Inc.
1 Hawk Court
Swedesboro, New Jersey 08085
    *Attorneys for Defendant Valken Inc.*

**HILLMAN, District Judge**

    This matter comes before the Court by way of Defendant

Valken Inc.'s motion [Doc. No. 17] seeking to dismiss Count IV of

Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief can be

granted.  The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's motion will be denied.

## I.    **JURISDICTION**

In this action, Plaintiffs assert claims for both patent and trade dress infringement arising under 35 U.S.C. § 271 and 15 U.S.C. § 1114, respectively.  The Court exercises jurisdiction over Plaintiffs' federal patent and trade dress infringement claims pursuant to 28 U.S.C. §§ 1331, 1338.

## II.   **BACKGROUND**

Although not specifically alleged in the complaint, Plaintiffs Kee Action Sports LLC and Kee Actions Sports II LLC (hereinafter, "Kee" or "Kee Action") together[1] are "a major supplier of paintball products[,]" "paintballs (also called 'paint'), and markers, ... the devices that shoot ... paintballs."  (Kee's Opp'n to Valken's Mot. of Dismiss [Doc. No. 19] (hereinafter, "Kee's Opp'n"), 7.)  On September 27, 2012, Kee Action filed a four count complaint asserting claims for patent

---

[1]    Kee Action Sports II LLC is a wholly owned subsidiary of Kee Action Sports LLC.  (Compl. ¶ 2.)

infringement in Counts I, II, and III, and a claim for infringement of Kee Action's registered trade dress pursuant to 15 U.S.C. § 1114(1)(a) in Count IV.[2]

Count IV of the complaint alleges that Kee Action is the "owner by assignment of the registered trade dress" – U.S. Registration No. 3049101 – for paintballs with "a design consisting of 'contrasting colors blended randomly together to form the appearance of a fanciful design on the surface of a paintball.'" (Pls.' Compl. [Doc. No. 1] ¶¶ 38-39.) Plaintiffs allege that Defendant's "paintball products, including by not limited to the Graffiti and the Redemption paintball products, copy and infringe on Kee Action's registered trade dress in violation of 15 U.S.C. § 1114(1)(a)." (Id. ¶ 40.) Plaintiffs essentially contend that both Defendant's unauthorized use of Kee Action's registered trade dress, along with its manufacture and distribution of "paintball products with shell design features that copy elements of Kee Actions' registered trade dress[, are,] likely to cause confusion," mistake, or to deceive the consumer with respect to the origin or sponsorship of the paintballs.

---

[2] Because the present motion seeks to dismiss only Count IV of the complaint, this Opinion addresses solely those issues relevant to Plaintiffs' claim for trade dress infringement.

(Id. ¶ 41.)  According to Plaintiffs, Defendant's manufacture and distribution of the allegedly infringing paintballs "enables Defendant to benefit unfairly from Kee Action's reputation and success, thereby giving Defendant's infringing products sales and commercial value they would not otherwise have[.]"  (Id. ¶ 43.) Plaintiffs assert that Defendant has received profits by virtue of this alleged infringement of Plaintiffs' registered trade dress.  (Id. ¶ 45.)

## III. DISCUSSION

### A.    Standard on Motion to Dismiss

Defendant now moves to dismiss Count IV of Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks

"'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted). The Third Circuit has instructed district courts to conduct a two-part analysis in deciding a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

First, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler, 578 F.3d at 210-11 (citing Iqbal, 129 S. Ct. at 1949). Second, a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual

5

matter (taken as true) to suggest' the required element.  This

'does not impose a probability requirement at the pleading

stage,' but instead 'simply calls for enough facts to raise a

reasonable expectation that discovery will reveal evidence of'

the necessary element.") (citing <u>Twombly</u>, 550 U.S. at 556).

A court need not credit "'bald assertions'" or "'legal

conclusions'" in a complaint when deciding a motion to dismiss.

<u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30

(3d Cir. 1997).  The defendant has the burden of demonstrating

that no claim has been presented.  <u>Hedges v. United States</u>, 404

F.3d 744, 750 (3d Cir. 2005) (citing <u>Kehr Packages, Inc. v.</u>

<u>Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991)).

However, "if a complaint is subject to a Rule 12(b)(6)

dismissal, a district court must permit a curative amendment

unless such an amendment would be inequitable or futile."

<u>Phillips</u>, 515 F.3d at 245; <u>see also</u> <u>Alston v. Parker</u>, 363 F.3d

229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff

does not seek leave to amend, if a complaint is vulnerable to

12(b)(6) dismissal, a District Court must permit a curative

amendment, unless an amendment would be inequitable or futile.");

<u>Burrell v. DFS Servs., LLC</u>, 753 F. Supp. 2d 438, 444 (D.N.J. 2010)

("When a claim is dismissed pursuant to Federal Rule of Civil

Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted. ... A claim may be dismissed with prejudice, however, if amending the complaint would be futile.") (citation omitted).

**B.   Trade Dress Infringement**

"The purpose of trade dress protection, like trademark protection, is to 'secure the owner of the [trade dress] the goodwill of his business and to protect the ability of consumers to distinguish among competing producers.'"  Shire US Inc. v. Barr Labs., Inc., 329 F.3d 348, 353 (3d Cir. 2003) (citing Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 774 (1992)).  "'Trade dress' originally referred to the packaging or displays associated with trademarked goods."  Duraco Prods., Inc. v. Joy Plastic Enters., Ltd., 40 F.3d 1431, 1438 (3d Cir. 1994); see also Shire, 329 F.3d at 353 ("'[t]rade dress' refers to the design or packaging of a product which serves to identify the product's source.") (citing TrafFix Devices, Inc. v. Marketing Displays, Inc., 532 U.S. 23, 28 (2001)).

The Third Circuit has since explained that "[t]rade dress has [now] been defined as the total image or overall appearance of a product, and includes, but is not limited to, such features as size, shape, color or color combinations, texture, graphics, or

even a particular sales technique." Rose Art Indus., Inc. v.
Swanson, 235 F.3d 165, 171 (3d Cir. 2000) (citing Two Pesos, 505
U.S. at 765 n.1). "To establish trade dress infringement under
the Lanham Act, a plaintiff must prove that (1) the allegedly
infringing design is non-functional; (2) the design is inherently
distinctive or has acquired secondary meaning; and (3) consumers
are likely to confuse the source of the plaintiff's product with
that of the defendant's product." McNeil Nutritionals, LLC v.
Heartland Sweeteners, LLC, 511 F.3d 350, 357 (3d Cir. 2007); see
also Shire, 329 F.3d at 353 (citing Wal-Mart Stores, Inc. v.
Samara Bros., Inc., 529 U.S. 205, 210-211 (2000)).[3]

## IV.  ANALYSIS

Defendant makes two arguments in support of dismissal of
Count IV for infringement of a registered trade dress.
Initially, Defendant contends that "[t]o assert a claim for trade
dress infringement, a plaintiff must provide a 'precise
expression of the character and scope of the claimed trade dress'

---

[3]    Rose Art, McNeil, and Shire analyzed trade dress infringement
claims asserted under Section 43(a) of the Lanham Act, 15 U.S.C. §
1125(a), for unregistered trade dress.  The parties agree that the
same standard is applicable to Plaintiffs' trade dress
infringement claim brought under Section 2 of the Act, 15 U.S.C. §
1114(1), for protection of registered trade dress.  (See Def.'s
Mem. 10 n.3; Kee's Opp'n 2); see also Wal-Mart, 529 U.S. at 210;
Two Pesos, 505 U.S. at 768.

that describes the trade dress that it seeks to protect." (Mem.
of Law in Supp. of Mot. to Dismiss Count IV of Pls.' Compl. [Doc.
No. 17-1] (hereinafter, "Def.'s Mem."), 7.) Defendant argues
that requiring Plaintiffs to provide "a precise expression of the
alleged trade dress [being infringed] is necessary to protect
consumers and competition generally" because "'granting trade
dress protection to an ordinary product design would create a
monopoly in the goods themselves.'" (Def.'s Mem. at 9) (citing
Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 381
(2d Cir. 1997)).

Secondly, Defendant asserts that in addition to the three-
part test for trade dress infringement claims set forth supra,
Plaintiffs must identify and plead a recognizable and consistent
overall look of the trade dress in question. (Def.'s Mem. 10-11)
(citing Rose Art, 235 F.3d at 172-73). Defendant argues that
because Plaintiffs have failed to plead both a precise expression
of the trade dress at issue and a recognizable and consistent
overall look of the trade dress, Count IV of the complaint must
be dismissed. The Court first addresses Defendant's argument
that Plaintiffs must plead a recognizable and consistent overall
look before turning to Defendant's precise expression argument.

**A.  Recognizable and Consistent Overall Look**

Defendant contends that Kee Action is required to identify and plead the "recognizable and consistent overall look" of the trade dress for which it seeks protection in this case.  (Def.'s Mem. 10.)  Defendant's argument relies entirely upon a short passage from the Third Circuit's opinion in Rose Art which provides:

> This three-part inquiry alone, however, is insufficient when the plaintiff in a trade dress action seeks protection under the Lanham Act for a series or line of products or packaging.  As the Second Circuit Court of Appeals has noted, in contrast to a situation where the plaintiff is seeking protection for a specific package or a single product, "when protection is sought for an entire line of products, our concern for protecting competition is acute."

Rose Art, 235 F.3d at 172 (citing Landscape Forms, 113 F.3d at 380).

Defendant goes on to argue that the Third Circuit "has adopted the Landscape Forms reasoning regarding the anticompetitive dangers of overbroad trade dress protection[.]" (Def.'s Mem. 11.)  Defendant emphasizes the Third Circuit's holding that "[a] plaintiff, seeking protection for a series or line of products, must first demonstrate that the series or line has a recognizable and consistent overall look" before "the trial court determine[s] whether the trade dress is distinctive, ...

10

nonfunctional, and whether the defendant's use of plaintiff's trade dress is likely to cause consumer confusion." (Def.'s Mem. 11) (citing Rose Art, 235 F.3d at 172-73).[4]

In its opposition, Kee Action recognizes Defendant's "argument that a trade dress infringement claim should be dismissed if the plaintiff does not allege ... a 'recognizable and consistent overall look' of the trade dress for a 'series' or 'line of products[.]'" (Kee's Opp'n 10.) Kee Action counters, however, that Defendant's argument is inapposite and substantively inapplicable here because Kee Action "seeks [trade dress] protection for a single product – the Marballizer paintball – a paint with a consistent overall look that is consistently the same size and substance while sold in an array of colors." (Id. at 12.)

Upon closer examination, Defendant's argument regarding the need to plead a "recognizable and consistent overall look" fails given the circumstances of this particular case because

---

[4]    The Third Circuit in Rose Art agreed with "the District Court that 'if a plaintiff seeking trade dress protection cannot show that its packages have a "consistent overall look," the trade dress that the defendant is allegedly infringing "does not exist,"' and the defendant must prevail." 235 F.3d at 173 (citing Rose Art Indus., Inc. v. Raymond Geddes & Co., 31 F. Supp. 2d 367, 374 (D.N.J. 1998)).

Plaintiffs seek trade dress protection for a single product, not an entire line or series of products. Even a cursory reading of Rose Art makes clear that the "recognizable and consistent overall look" threshold inquiry is only relevant in cases where the plaintiff seeks protection for a series or an entire line of products. 235 F.3d at 172-73 (clarifying that "[b]ecause of the broad reach that protection of trade dress for a *series or line of products* would embrace, we will require this more stringent test before the non-functionality/distinctiveness/likelihood of confusion test is applied. [Therefore,] [a] plaintiff, seeking protection for a series or line of products, must first demonstrate that the series or line has a recognizable and consistent overall look.") (emphasis added).

Here, Defendant offers nothing more than conclusory statements that Plaintiff seeks trade dress protection for an entire line of products, apparently relying on the fact that the Marballizer paintball is sold in an array of colors. (See Reply to Pls.' Mem. In Opp'n [Doc. No. 21] (hereinafter, "Def.'s Reply"), 1, n.1) ("Plaintiffs seek trade dress protection for a line of paintball products – not one specific paintball, but a

line of paintballs sold in an array of colors.")[5]  The Court's

reading of the complaint and the present motion make clear that

Plaintiffs are not asserting a broad formulaic trade dress

spanning all of its paintball products.  Rather Plaintiffs are

claiming infringement of their trade dress for a single product –

a single type of paintball that utilizes the trademarked design

registered to Plaintiffs.  The fact that this product is

available in an array of colors does not transform it into a

"line" of products.  The Marballizer paintball is unlike the line

---

[5]      Defendant cites <u>Liko AB v. Rise Lifts, Inc.</u>, No. 07-5302,
2008 WL 2977869, at *6-7 (E.D. Pa. July 31, 2008), for the
proposition that "[c]ourts have dismissed counts for trade dress
infringement where plaintiffs fail to meet this stringent test" of
demonstrating a recognizable and consistent overall look.
However, <u>Liko</u> is distinguishable because the court there
specifically examined the plaintiff's trade dress infringement
claim where "Count II ... allege[d] that Defendants' products
infringe[d] upon the trade dress of Plaintiff's *Viking product
line*." <u>Id.</u> at *6 (emphasis added).
     Moreover, even though the court in <u>Liko</u> found that the
plaintiff failed to allege a recognizable and consistent overall
look of the trade dress for the product line in question, the
court permitted the plaintiff to amend the complaint to allege
that threshold requirement.  <u>Id.</u> at *6-7.  The court's willingness
to permit amendment in <u>Liko</u> undercuts Defendant's argument that
Count IV of Kee Action's complaint should be dismissed with
prejudice.  (<u>See</u> Def.'s Proposed Order [Doc. No. 17-2] 1) (seeking
dismissal of Count IV with prejudice).  Even assuming the Court
agreed with Defendant that Plaintiffs were required to plead a
recognizable and consistent overall look and had failed to do so,
the Court would grant Plaintiffs leave to amend to attempt to
correct any pleading deficiency.

of outdoor furniture at issue in Landscape Forms, which included

two different outdoor trash cans, six benches with backs, and two

benches without backs.  113 F.3d at 375.  This one type of

paintball – which the Court considers as a single product

available in several colors - is also distinct from the three

various lines of packaging at issue in Rose Art which were

relevant to multiple products including crayons, markers, colored

pencils, modeling clay, and chalk.  235 F.3d at 170.

Defendant fails to adequately demonstrate to the Court that

this case is like Rose Art or Landscape Forms where trade dress

protection was sought for an entire line of distinct but related

products.  There is simply no evidence in the complaint from

which the Court can conclude that Plaintiffs are seeking trade

dress protection for anything more than a singular type of

paintball.  Accordingly, the more stringent test set forth in

Rose Art requiring that a series or line of products have a

recognizable and consistent overall look is simply inapplicable

in this single product case.  Cf. Dayco Products, LLC v. Dorman

Products, Inc., No. 09-13139, 2010 WL 3855221, at *4 (E.D. Mich.

Sept. 28, 2010) ("Because Dayco is not attempting to assert a

consistent overall look across its entire line of automatic belt

tensioners, its failure to allege a consistent overall look is

14

not fatal to its individual claims of trade dress infringement.")

**B. Precise Expression**

In opposing Defendant's motion, Kee Action also argues that "Third Circuit precedent [only] requires a trade dress plaintiff to plead that '(1) the allegedly infringing design is non-functional; (2) the design is inherently distinctive or has acquired secondary meaning; and (3) consumers are likely to confuse the source of the plaintiff's products with that of the defendant's product.'" (Kee's Opp'n 8) (citing McNeil, 511 F.3d at 357). Kee Action counters that Defendant is seeking to inject a new element into a trade dress infringement cause of action by claiming that Plaintiffs must plead a "precise expression" of the trade dress at issue here. (Id. at 10.) Kee Action further points out that Defendant has failed to cite a case from the Third Circuit which requires this "precise expression" element as part of a trade dress infringement cause of action. (Id. at 11.)

A thorough review of Defendant's brief and the cases cited in support of its argument requiring the "precise expression" element reveals that Valken relies entirely upon non-binding case law from courts other than the Court of Appeals for the Third Circuit. For example, Defendant primarily relies on the Second Circuit's opinion in Landscape Forms, Inc., v. Columbia Cascade

Company, 113 F.3d 373, (2d Cir. 1997). (Def.'s Mem. 8.) In

Landscape Forms, the Second Circuit noted that in cases where

trade dress "protection is sought for an entire line of

products[,]" litigation "will be difficult" if the plaintiff does

not articulate "a precise expression of the character and scope

of the claimed trade dress" because courts would be "unable to

evaluate how unique and unexpected the design elements are in the

relevant market." 113 F.3d at 380-81. Thus, the precise

expression element is required in the Second Circuit.

As a threshold matter, however, the Second Circuit's opinion

in Landscape Forms is not binding precedent upon this Court, and

the Court need not consider it in resolving the present motion.[6]

---

[6]     In a similar vein, none of the other cases Defendant cites in
support of the "precise expression" element are binding upon this
Court.  By way of example, Defendant cites two other cases from
the Second Circuit, both of which explicitly rely on Landscape
Forms, and neither of these serve as precedent for this Court.
(See Def.'s Mem. 8) (citing Sherwood 48 Assocs. v. Sony Corp. of
Am., 6 F. App'x 389, 391 (2d Cir. 2003); Yurman Design, Inc. v.
PAJ, Inc., 262 F.3d 101, 115-16 (2d Cir. 2001).
     Defendant cites four other cases from the United States
District Courts for the District of Connecticut and the Southern
District of New York.  (See Def.'s Mem. 8, n.1) (citing ID7D Co.,
Ltd. v. Sears Holding Corp., No. 3:11cv1054, 2012 WL 1247329, *6
(D. Conn. Apr. 13, 2012); Nat'l Lighting Co., Inc. v. Bridge Metal
Indus., LLC, 601 F. Supp. 2d 556, 560-61 (S.D.N.Y. 2009); Heller
Inc. v. Design Within Reach, Inc., No. 09-1909, 2009 WL 2486054,
*6 (S.D.N.Y. Aug. 14, 2009); Cartier, Inc. v. Four Star Jewelry
Creations, Inc., 348 F. Supp. 2d 217, 223 (S.D.N.Y. 2004)).  The
Court notes however, that each of the District Courts issuing

Third Circuit case law is clear that the elements of a cause of

action for trade dress infringement require proof that (1) the

allegedly infringing design is non-functional; (2) the design is

inherently distinctive or has acquired secondary meaning; and (3)

consumers are likely to confuse the source of the plaintiff's

product with that of the defendant's product.  See, e.g., McNeil,

511 F.3d at 357; Shire, 329 F.3d at 353 (citing Wal-Mart Stores,

529 U.S. at 210-211); Rose Art, 235 F.3d at 171 (recognizing that

the basic elements for a trade dress infringement claim are "(1)

inherent distinctiveness or secondary meaning, (2) non-

functionality, and (3) likelihood of confusion."); Versa Products

Co. v. Bifold Co. (Mfg.) Ltd., 50 F.3d 189, 199 (3d Cir. 1995).

_____

these decisions was bound - unlike this Court - by the Second
Circuit's opinion in Landscape Forms.
        Defendant cites only two cases from District Courts within
the Third Circuit. The first, from the Western District of
Pennsylvania, American Beverage Corp. v. Diageo North America,
Inc., 936 F. Supp. 2d 555, 595 (W.D. Pa. 2013), specifically
relies on Landscape Forms in requiring the precise expression
element of a trade dress infringement claim.  The second case,
from the District of the Virgin Islands, Fair Wind Sailing, Inc.
v. Dempster, No. 2011-55, 2013 WL 1091310, *4, 6 (D.V.I. Mar. 15,
2013), cites to Landscape Forms and to case law from the Sixth
Circuit requiring this precise expression element.
        Although these District Courts are within the same Circuit as
this Court, the Court is not persuaded by their reasoning which is
drawn from case law established by Courts of Appeals other than
the Third Circuit.  The Court remains unconvinced that the precise
expression element urged by Defendant is required under Third
Circuit precedent to survive a motion to dismiss under Rule
12(b)(6).

Moreover, the Court's independent review has failed to reveal a single case from the Third Circuit or from any court in the District of New Jersey where precise expression of the claimed trade dress was regarded as an essential element that must be pled in order to withstand a motion to dismiss under Rule 12(b)(6).[7] As a result, the Court is unpersuaded by Defendant's argument that Kee Action is required to assert a precise expression of the character and scope of its claimed trade dress in the complaint under the law in this Circuit.

Even if the Court were to consider Landscape Forms, however, the present case is distinguishable from Landscape Forms for two primary reasons. Initially, and as set forth supra, it is clear from the pleadings and the briefing on this motion that unlike

---

[7]   In fact, courts within the District of New Jersey consistently apply the Third Circuit's three-part inquiry as set forth above when analyzing claims for trade dress infringement. See, e.g., Coach, Inc. v. Fashion Paradise, LLC, No. 10-4888, 2012 WL 194092, at *3 (D.N.J. Jan. 20, 2012) (citing McNeil); IDT Corp. v. Unlimited Recharge, Inc., No. 11-4992, 2011 WL 6020571, at *4 (D.N.J. Dec. 2, 2011) (citing McNeil for three elements of trade dress infringement claim brought under 15 U.S.C. § 1114(1)); Star Pac. Corp. v. Star Atl. Corp., No. 08-04957, 2011 WL 2413150, at *6 (D.N.J. June 10, 2011) (citing McNeil, Shire); Katiroll Co., v. Kati Roll and Platters Inc., No. 10-3620, 2011 WL 346502, at *6 (D.N.J. Feb. 1, 2011) (citing McNeil, Shire); Euro Pro Corp. v. Tristar Products, Inc., 172 F. Supp. 2d 567, 572 (D.N.J. 2001) (citing Wal-Mart, Two Pesos, American Greetings Corp. v. Dan-Dee Imports, Inc., 807 F.2d 1136, 1141 (3d Cir. 1986)).

the plaintiff in Landscape Forms, Kee Action is seeking

protection, not for an entire line of products, but rather for a

single product – the Marballizer paintball – that comes in a

variety of colors.  By contrast, the Landscape Forms plaintiff

sought protection for an entire line of outdoor furniture known

as the Petoskey line, which included "two different outdoor trash

cans, two benches without back support, and six benches with

backs."  113 F.3d at 375.

It was in this specific context that the Second Circuit went

on to note that its "concern for protecting competition is acute"

where trade dress "protection is sought for an entire line of

products[.]"  Id. at 380.  Therefore, to the extent the Second

Circuit requires "a precise expression of the character and scope

of the claimed trade dress" and does not permit a plaintiff to

"focus on the overall look of a product" in order to establish

trade dress protection, id. at 381, Landscape Forms makes clear

that this requirement arose where protection was sought for an

entire line of separate and varied products (trash cans, benches

with backs, benches without backs) that were connected only by

their similar design aspects and overall appearance.  Here,

however, the fact that Kee Action is seeking protection for one

product (the Marballizer paintball) – as opposed to an entire

line of products – minimizes the need to require a plaintiff to allege a precise expression of the trade dress at issue.

Moreover, to fully understand why the Second Circuit's precise expression requirement arose in <u>Landscape Forms</u>, it is worth examining the language used by the plaintiff in that case to articulate the claimed trade dress. As the Second Circuit noted, the plaintiff's complaint stated only that "'[t]he product design and configuration of [Landscape's] Petoskey Group Collection employs a number of distinctive elements which, when taken together, constitute a trade dress recognizable by architects, landscape architects and designers, as well as the public at large.'" <u>Id.</u> The Second Circuit specifically observed that these so-called "'distinctive elements' [were] not enumerated." <u>Id.</u>

Here, defendant provides the Court with dictionary definitions of nearly each word used to describe the trade dress at issue in an attempt to demonstrate the alleged lack of precision used in articulating the trade dress. The Court finds this argument unpersuasive. Unlike the plaintiff in <u>Landscape Form</u> which asserted a very broad and general trade dress for an entire line of products and failed to define its "distinctive elements," Kee Action has sufficiently plead the nature of the

asserted trade dress it alleges Defendant infringed upon.  With respect to the Marballizer paintball, paragraph 23 of the complaint alleges that "Kee Action's registered trade dress is for a design consisting of 'contrasting colors blended randomly together to form the appearance of a fanciful design on the surface of a paintball.'"  (Compl. ¶ 23.)  The Court is satisfied at this initial pleading stage that Kee Action has sufficiently pled the nature of the claimed trade dress to satisfy the notice requirements of Federal Rule of Civil Procedure 8.

Having rejected Defendant's recognizable and consistent overall look argument as well as its precise expression argument, the Court notes that Valken does not challenge the pleading sufficiency of the complaint under Rule 12(b)(6) with respect to the non-functionality, distinctiveness, and likelihood of confusion.  Therefore, at this time, the Court need not address whether Plaintiffs' complaint sufficiently pleads the three elements of the trade dress infringement claim.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss will be denied.  An Order consistent with this Opinion will be entered.

Dated: <u>December 17, 2013</u>              <u>s/ Noel L. Hillman</u>
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.